**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GLOBAL BROTHER SRL,<br><br>    Plaintiff,<br><br>v.<br><br>WORLD OF BOOKS GROUP LTD.,<br><br>    Defendant. | C.A. No. 25-_____ |

**COMPLAINT**

Global Brother SRL ("Plaintiff"), by and through its undersigned counsel, files this Complaint against WORLD OF BOOKS GROUP LTD ("Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

This is a civil action for copyright infringement and related claims arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. and for associated intellectual property and business violations under federal and State of Delaware law. This action is to address the unauthorized reproduction, distribution, and public display of protected works by the Defendant.

1. Plaintiff is a worldwide publisher of popular books and titles and has invested substantial resources in creating and distributing its protected materials (i.e., books and images thereof as subject to copyright, trade dress, trademark, and related intellectual property rights). Defendant, without authorization or license, has engaged in the unauthorized dissemination of Plaintiff's works through various online platforms and other means (not limited to but including Shopify), thereby misrepresenting source, rights and misleading consumers in this District and causing financial and reputational harm to Plaintiff.

2. Through this action, Plaintiff seeks to protect its exclusive rights under federal

and state laws and prevent further harm caused by Defendant's ongoing infringement. Plaintiff seeks injunctive relief, statutory damages, actual damages, attorneys' fees, and any other relief the Court deems just and proper to remedy the harm caused by Defendants unlawful conduct.

## JURISDICTION AND VENUE

3. This Court possesses subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the claims arise under the Constitution, laws, or treaties of the United States, including but not limited to the Copyright Act (17 U.S.C. § 101 et seq.) and the Lanham Act (15 U.S.C. § 1051 et seq.).

4. This Court further has exclusive jurisdiction over the claims arising under federal copyright and trademark law under 28 U.S.C. § 1338(a), which grants original jurisdiction to federal district courts for all civil actions arising under any Act of Congress relating to copyrights, trademarks, or unfair competition.

5. This Court also has jurisdiction under 15 U.S.C. § 1121, which provides that the district and territorial courts of the United States shall have original jurisdiction over all actions arising under the Lanham Act.

6. This Court additionally has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a), as the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) as Defendant conducts substantial business in this District, has substantial contacts in this District, and events giving rise to this action occur within this District. Defendant directs unlawful activities toward this District, including conducting business, advertising, selling, and/or distributing infringing products within this District.

8.      Defendant is subject to this Court's jurisdiction because, pursuant to the Digital Millennium Copyright Act (DMCA) counter-notice, a Defendant company located outside of the United States consents to the jurisdiction of the Federal District Court for the District of Delaware. By voluntarily submitting a counter-notice to Shopify regarding its infringing listings, Defendant expressly consented to jurisdiction in this District.

## PARTIES

9.      Plaintiff, Global Brother SRL, is a Romanian Societate cu Raspundere Limitata (SRL) organized and existing under the laws of Romania, with its principal place of business located at Ghiozdanului 22A Lighthouse Residence, Bucharest, Romania. Plaintiff is engaged in the business of publishing, selling, distributing, and advertising books in the United States and internationally. Plaintiff owns and holds all rights, title, and interest in and to the intellectual property associated with books titled "The Holistic Guide to Wellness" and "No Grid Survival Projects" including but not limited to the books' copyrights, trade dress, and common law trademark rights.

10.      Defendant WORLD OF BOOKS GROUP LTD ("World of Books") is a United Kingdom-based corporation with its principal place of business located at Mulberry House, Woods Way, Goring-by-Sea, West Sussex, BN12 4QY, UK. WORLD OF BOOKS GROUP LTD is in the business of book sales, and has participated in, directed, or benefited from the unlawful activities described in this complaint, including the unauthorized sale, reproduction, and distribution of Plaintiff's copyrighted books. David Magee is an authorized agent of Defendant.

11.      Defendant, through its website <worldofbooks.com> engages in unlawful sale and distribution of infringing materials, including, but not limited to, the works of Plaintiff, including but not limited to books titled "No Grid Survival Projects" and "The Holistic Guide to Wellness"

(being currently offered for sale, https://www.worldofbooks.com/products/holistic-guide-to-wellness-book-apelian9781735481586?price=273.99).

12. The Defendant's website is directed to consumers in Delaware and in interstate commerce, to transmit and transport infringing materials, not limited to Plaintiff's protected unique combination of elements, copyright, trade dress, and intellectual property rights.

## FACTUAL BACKGROUND

13. Plaintiff is the exclusive owner of all rights, title, and interest in and to books titled, "No Grid Survival Projects" and "The Holistic Guide to Wellness," based on, but not limited to its registered copyrights, common law trademark rights, and distinctive trade dress, including:

• TRADEMARK: Plaintiff has acquired common law trademark rights in the title and cover "No Grid Survival Projects" and "The Holistic Guide to Wellness" through continuous and extensive use in commerce, resulting in strong consumer recognition.

• TRADE DRESS: Plaintiff's trade dress includes a distinctive design comprising its titles, layouts, font styles, color schemes, and associated imagery. Its trade dress is inherently distinctive and has acquired secondary meaning in the marketplace, signifying to consumers that the products, books, originate from Plaintiff.

• COPYRIGHT: Plaintiff owns non-U.S. and U.S. Copyright Registrations for "No Grid Survival Projects" and "The Holistic Guide to Wellness," inter alia, the book, text, artwork as in TX0009105852; VA0002425155; TX0009246277.  Copies of these registrations are attached hereto as Exhibit A.

14. The books:

(A) "The Holistic Guide to Wellness" comprises: a cover that has a green background with gold ornamental borders and design elements. At the top, there is a decorative gold-

bordered banner containing the book title, written in large, bold, gold serif font. Above the title, there is a green icon featuring three leaves. The cover is divided into multiple sections. Below the title, there is a central image of a stylized human figure in gold with internal leaf-like illustrations overlaid on the body, symbolizing holistic wellness and natural healing. Surrounding this central figure, four photographic images are arranged in a grid format:   The top left image shows a glass jar filled with a golden liquid, possibly an herbal tincture or infused oil; The top right image depicts a close-up of a hand holding small, round, reddish-brown fruits or seeds, with green foliage in the background; The bottom left image presents green medicinal plants growing in a natural setting; and, The bottom right image displays three glass jars containing different dried herbs or botanical materials. The lower section of the cover contains the subtitle "Herbal Protocols for Common Ailments", written in gold serif font, followed by the author's name, "Nicole Apelian, Ph.D.", also in gold, as in the following:



(B) The No Grid Survival Projects comprises: a cover that has a dark green background with a yellow measuring tape graphic running horizontally across the top and bottom edges, giving the appearance of a construction or DIY guide. At the top, the title is displayed in bold white and yellow serif font. The words "NO GRID" are in large, white capital letters, while "Survival Projects" is written in yellow. Beneath the title, the subtitle "How to Produce Everything You Need on Your Property" is written in a smaller white font. Below the title, there is a collage of twelve photographic images, arranged in a grid format, showcasing various survival-related DIY projects. These images include:



A metal stove or heater outside with a fire burning; A hydroponic system with plants growing in white containers; A solar panel positioned at an angle on grass; A mounted security camera; A

6

DIY air filtration or ventilation system; A homemade portable sink or water filtration system; A stacked rainwater collection system using blue barrels; A jar filled with preserved food or dry goods; A small greenhouse made of a transparent plastic covering; A DIY wooden shelving unit; A vertical rain barrel system; A simple wooden structure, possibly for composting or storage. At the bottom of the cover, the authors' names—Michael Major, Amber Robinson, Claude Davis, and James Walton—are displayed in gold text within a yellow horizontal bar. The design of the cover suggests a self-sufficiency and hands-on survival projects, using a combination of visuals and construction-related design elements.

15. Plaintiff's books have been extensively marketed, distributed, and sold in the United States since at least as early as 2023, generating substantial consumer recognition and goodwill. As a result of this continuous use and promotion, Plaintiff has established enforceable trademark rights in the content, title, design, and trade dress of the books.

16. On or about January 28, 2025, Plaintiff discovered Defendant was advertising and selling counterfeit, unauthorized versions of its "The Holistic Guide to Wellness" at: https://www.worldofbooks.com/products/holistic-guide-to-wellness-book-apelian-

9781735481586?price=273.99,



17.     The foregoing unauthorized use is an exact copy, replicates and mimics Plaintiff's intellectual property, including the books distinctive trade dress and copyrighted artistic elements, creating a false impression of affiliation. The fact it is a direct copying/duplicate establishes Defendant intentionally sought to mislead consumers and profit from Plaintiff's goodwill, constituting trade dress infringement, copyright infringement, and false designation of origin.

18.     To safeguard its intellectual property rights and mitigate consumer confusion, on or about January 28, 2025, Plaintiff filed a Digital Millennium Copyright Act (DMCA) takedown notice with Shopify regarding the unauthorized content (Ticket ID: e5d2baf1-9d89-4143-9ec4-ff590f746efd). (Exhibit B). Following its complaint, the Defendants infringing advertisement was suspended.

19. On or about February 3, 2025, David Magee on behalf of Defendant, filed a Counter-Notice, falsely claiming that the takedown was made in error and asserting a "good faith belief" that their actions were lawful. Under Shopify's policy, the infringing advertisement may be reinstated unless Plaintiff files a federal lawsuit. (Exhibit C.).

20. On February 3, 2025, Plaintiff sent a correspondence to Defendant confirming Plaintiff's ownership and requesting information from Defendant in order to attempt to begin facilitating resolution and avoid litigation. Rather than engaging in good-faith discussions, Defendant refused to provide any documentation supporting its claim of lawful use. Instead, Defendant asserted an unfounded right to continue selling the infringing books, demonstrating a calculated strategy to evade liability and force Plaintiff into costly litigation.

21. Upon information and belief, Defendant has engaged and continues to engage in additional infringements beyond those presently known to Plaintiff. Further discovery will reveal the full scope of Defendant's infringing activities, including additional unauthorized reproductions, sales, and operations Defendants have not disclosed, including but not limited to the following, identical copy of No Grid Survival project, as discovered is currently published on

Defendants website, worldofbooks.com/products, which is not authorized:



22.     Defendant's actions leave Plaintiff no alternative but to initiate this lawsuit to prevent ongoing harm and seek damages. Defendants' wrongful acts, including but not limited to copyright infringement, trademark and trade dress infringement, and false advertising, have caused irreparable harm to Plaintiff's reputation, consumer goodwill, and financial interests. Plaintiff has suffered and will continue to suffer substantial damages unless Defendant is enjoined by the court.

## CLAIMS FOR RELIEF

## COUNT I

## COPYRIGHT INFRINGEMENT

## [17 U.S.C. § 501]

23. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

24. Plaintiff is the lawful owner of valid and enforceable U.S. Copyright Registrations for the book, its contents and cover artwork, which confer exclusive rights under 17 U.S.C. § 106, including the rights to reproduce, distribute, display, and create derivative works based on the copyrighted materials.

25. Defendant, without authorization or consent, has willfully and unlawfully reproduced, distributed, and displayed counterfeits and/or unauthorized copies of Plaintiff's copyrighted materials in violation of 17 U.S.C. § 501 continuously from the time beginning from at least as early as before January 28, 2025, to the present. Acts of infringement occurred after the Plaintiff received its copyright registration.

26. Defendants actions constitute willful infringement as defined under the Copyright Act, entitling Plaintiff to enhanced statutory damages under 17 U.S.C. § 504(c). Under 17 U.S.C. § 505, Plaintiff seeks recovery of its attorneys' fees, costs, and expenses incurred in this action because of Defendants infringing activities.

27. As a direct and proximate result of the Defendants' infringing acts, Plaintiff has suffered and will continue to suffer irreparable harm and economic damages for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, the foregoing infringing acts will continue to cause irreparable injury to Plaintiff who has no adequate remedy at law.

28. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting further importing, advertising, using, making, or infringing the protections under Global Brother U.S. Copyright Registrations, and ordering all unauthorized copies that shall exist, to be destroyed or forfeited.

## COUNT II

## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

## [15 U.S.C. § 1125(a)]

29. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

30. Plaintiff owns enforceable common law trademarks and trade dress rights in and to the non-functional, unique designs of its books, covers and titles (the trade dress and title marks collectively referred to as "Plaintiffs Trademarks").

31. The Plaintiff's Trademarks have been in continuous use in U.S. interstate commerce by Plaintiff prior to any date which can be legally claimed by Defendant.

32. Plaintiff's Trademarks are inherently distinctive and/or has acquired distinctiveness and secondary meaning based on substantial promotion, sales, marketing, and use in U.S. commerce. Consumers associate the unique titles, unique pattern-design of the books as originating exclusively from Plaintiff.

33. Defendant's unauthorized use of Plaintiff's trade dress, titles, and overall designs constitutes false misleading representations of fact that is likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, or approval, false description, and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

34. As a direct and proximate result of the foregoing acts, Plaintiff has suffered

injury, including irreparable injury, and damages, including lost profits, royalties, and other damages in

an amount to be determined at trial, and continues to suffer irreparable harm, loss of goodwill, and monetary damages as a direct result of Defendant's unfair competition.

35. Plaintiff seeks damages, including Defendant's profits, actual damages, and costs, pursuant to 15 U.S.C. § 1117(a), as well as injunctive relief to prevent further acts of unfair competition. And because Defendants acts were willful, this is an exceptional case making the Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## COUNT III

## MISREPRESENTATION, COUNTER-NOTICE

## [17 U.S.C. § 512(F)]

36. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

37. Defendant knowingly and materially misrepresented their rights to distribute and display the infringing books in the counter-notice.

38. Defendant's false assertions in the counter-notices constitute a violation of 17 U.S.C. § 512(f), as they acted with actual knowledge of the falsity of their claims or reckless disregard for the truth.

39. As a result of Defendant's misrepresentations, Plaintiff has suffered and will continue to suffer damages, including but not limited to costs and attorneys' fees incurred in addressing Defendants unlawful conduct including but not limited to having to file this complaint.

## COUNT IV

## VIOLATIONS OF DELAWARE

## DECEPTIVE TRADE PRACTICES ACT

### [6 *Del. C.* § 2531 et seq.]

40. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

41. Delaware's Deceptive Trade Practices Act (DTPA), 6 Del. C. § 2531 et seq., prohibits unfair or deceptive acts or practices in the conduct of trade or commerce. The statute is designed to protect consumers and legitimate business entities from harm caused by unfair business practices and deceptive trade acts.

42. Defendant engaged in conduct that violates 6 *Del. C.* § 2532(a) by advertising, offering for sale, selling, distributing, and attempting to distribute counterfeit and unauthorized versions of Plaintiff's books. This conduct is unfair and deceptive at least because,

    a. Deceptive Representation of Origin: Defendant deliberately replicated the works, titles, texts, trade dress, and designs of Plaintiff's books, misleading consumers into believing the infringing books are affiliated with, authorized by, or a genuine product of Plaintiff.

    b. False and Misleading Advertising: Defendant used deceptive advertisements that prominently displayed and published Plaintiff's registered copyrights, in support of procuring unauthorized sales of counterfeit versions of Plaintiff's books, creating confusion among consumers about the source and quality of the product.

    c. Use of a Knockoff Product to Mislead Consumers: Defendant unauthorized books mimic Plaintiff's distinctive trade dress and design and allows Defendant to unlawfully capitalize on the goodwill, reputation, and established consumer trust associated with Plaintiff's genuine

books.

    d. Intentional Consumer Confusion: Defendant's tactics were designed to confuse consumers while evading detection by Plaintiff and online platforms.

    e. Harm to Consumers: Consumers who purchased the infringing books received a counterfeit product that was not authorized or endorsed by Plaintiff and priced with the intention to caused consumers to suffer financial loss and diminished trust in Plaintiff's brand.

43. To preserve the integrity of evidence, Plaintiff seeks an injunction to preserve all potentially relevant electronic evidence, including, but not limited to:

    a. Data from Shopify accounts, including sales records, customer communications, and financial transactions related to the infringing books;

    b. All financial records connected to the infringing books, including revenue, expenses, and profit calculations;

    c. Design files, production records, and any related communications concerning the development or manufacture of the infringing books;

    d. Customer communications and data, including complaints, inquiries, or feedback regarding the infringing books;

    e. Records of supplier and distributor relationships, including financial data and agreements.

44. As a direct and proximate result of Defendant's acts and practices, Plaintiff has suffered significant harm, including but not limited to loss of sales and market share due to diverted business, damage to reputation and goodwill, and consumer confusion that undermines trust in Plaintiff's authentic products.

45. Plaintiff is entitled to recover actual damages incurred as a result of Defendant's

unfair competition, including compensation for lost revenue, reputational harm, and other economic injuries. Given the willful and knowing nature of Defendant's conduct, Plaintiff is entitled to treble damages.

46. Plaintiff further seeks equitable relief under Delaware law, including injunctive relief pursuant to 6. *Del. C.* § 2533(a) to prevent Defendant from engaging in further deceptive and unfair practices. Such relief is necessary to safeguard Plaintiff's business interests and to protect consumers from ongoing harm.

47. Pursuant to 6 *Del. C.* § 2533(b), Plaintiff also seeks recovery of its attorneys' fees and costs incurred in prosecuting this action, as Defendant's conduct constitutes a willful and knowing violation of the State laws.

## COUNT V

## UNJUST ENRICHMENT

48. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

49. By capitalizing on Plaintiff's intellectual property and goodwill, Defendant unjustly obtained and continues to obtain benefit, including but not limited to: Revenue generated from the sale of counterfeit books; Cost savings by avoiding investment in original design, marketing, and branding efforts; and Consumer trust and market recognition built upon Plaintiff's established reputation.

50. Plaintiff has suffered and continues to suffer significant harm, including Loss of revenue and market share due to diverted sales; Reputational harm caused by consumer confusion; and Diminished goodwill in the marketplace.

51. Plaintiff's loss is a direct and proximate result of Defendants conduct in

capitalizing on Plaintiff's intellectual property and goodwill.

52.	There is no justification for Defendant's conduct. Plaintiff never authorized Defendant to use its intellectual property or to benefit from its reputation and goodwill. In addition, Defendant knew or should have known that its actions were unauthorized, unlawful, and performed directly at Plaintiff's expense. Prior to filing a counter-notice Defendant should have investigated the dispute. Instead, with wanton disregard Defendant filed a counter-notice, acted willfully and deliberately to exploit Plaintiff's intellectual property for financial gain, with full knowledge it had no right to do so.

53.	Plaintiff has no adequate remedy at law to compensate it for the detriment caused by Defendant's conduct.

## PRAYER FOR RELEIF

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against Defendants as follows:

a.	Preliminary and permanent injunctive relief prohibiting Defendants from further infringing, unfair competition, and deceptive practices;

b.	Statutory damages under the Lanham Act and Copyright Act;

c.	Actual damages, including lost profits and compensation for reputational harm;

d.	Treble damages for willful violations of the Lanham Act under 15 U.S.C. § 1117;

e.	Disgorgement of Defendants' profits from infringing activities;

f.	Attorneys' fees, costs, and expenses under 15 U.S.C. § 1117, 17 U.S.C. § 505, and/or 6 *Del. C.* § 2533(b);

g.	An order requiring the destruction or forfeiture of all infringing materials in Defendant's possession custody or control;

    h.        Restitution for unjust enrichment under Delaware law;

    i.         Pre-judgment interest at the maximum legal rate;

    j.         Post-judgment interest at the maximum legal rate;

    k.        Awarding Plaintiff the costs of this action; and

    l.         All other and further relief the Court deems just and equitable.

Dated: February 19, 2025

**SMITH, KATZENSTEIN & JENKINS LLP**

*/s/ Daniel A. Taylor*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Counsel for Plaintiff Global Brother SRL*